**In the Matter of the Petition for Naturalization of Kenneth HUSNEY.**

No. 2271–510762.

United States District Court
E. D. New York.

April 19, 1956.

Paul S. Fischbach, New York City, for petitioner.

Maxwell M. Stern, U. S. Naturalization Examiner, Brooklyn, N. Y., for U. S.

BRUCHHAUSEN, District Judge.

The applicant, Kenneth Husney, filed a petition for naturalization. At the conclusion of the final hearing the Government moved for a denial of the petition for ineligibility under Section 3(a) of the Selective Training and Service Act of 1940, as amended,[1] and Section 315(a) of the Immigration and Nationality Act of December 24, 1952, 8 U.S.C.A. § 1426(a). Those statutes, in substance, provide that an individual, applying for exemption from military service upon the ground that he is an alien, shall be permanently ineligible to become a citizen of the United States.

Although afforded an opportunity to testify, the petitioner did not avail himself of it. The evidence consists of the findings of the Naturalization Examiner (Government's Exhibit 1) and the testimony before the Special Inquiry Of-

[1]. Now 50 U.S.C.A.Appendix, § 454.

**504**

ficer (Petitioner's Exhibit 1) and exhibits attached thereto.

The facts not in dispute are that the petitioner was born in Syria on February 10, 1922; that he was a national of that country; that he arrived in this country for permanent residence on March 28, 1927; that he completed public school and high school education in 1939; that during the next three years he attended Brooklyn College night school; that in 1939 he started to work at various places and from 1942 or 1943 until 1947, he was a partner in a jobbing concern and actively engaged in its operations and that during the latter period the petitioner was called for military service; that in connection therewith on March 25, 1943, he executed and filed with his draft board Selective Service Form 301 entitled "Application by Alien for Relief from Military Service". The application contained a provision, as follows:

> "I do hereby make application to be relieved from liability for training and service in the land or naval forces of the United States, under the Selective Training and Service Act of 1940, as amended, in accordance with the act of Congress, approved December 20, 1941. I understand that the making of this application to be relieved from such liability will debar me from becoming a citizen of the United States."

There is no credible evidence that the petitioner at the time of executing the said application was not fully conscious of the nature and quality of his acts. He then was an unusually well educated young man and was possessed with considerable business experience.

The efforts of the petitioner to avoid military experience are fantastic, as well as reprehensible. In March 1945, when Syria became a co-belligerent, he was classified 1A for the draft. He promptly claimed that he was suffering from dementia praecox. Later, when proceedings were instituted to deport him, he reversed his earlier position by submitting proof that the dementia praecox claim was all a mistake. The same to support the claim of mental illness came to his rescue in 1954 by retracting his earlier diagnosis with the statement that he had made an error.

Not only is the petitioner barred from citizenship as a matter of law, but it has been established in fact that he is unworthy of this high privilege. He fails to realize that to be a good citizen one must carry his share of the responsibilities of citizenship in order to entitle him to its privileges. This country has given him a free and thorough education and the opportunity for success in the world of business for which he has offered nothing in return.

The findings of the Naturalization Examiner are confirmed and the petition is denied.